UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY GENE HEGGEM,<br><br>                  Plaintiff,<br><br>    v.<br><br>MONROE CORRECTIONAL COMPLEX, DR. LOREN, DR. JOSEPH LOPIN, and L. MANIGO-HEDT,<br><br>                  Defendants. | No. C11-5985 RBL/KLS<br><br>ORDER RE: PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff Larry Gene Heggem is presently confined at the Monroe Correctional Complex in Monroe, Washington. Under separate orders, Plaintiff has been granted leave to proceed *in forma pauperis* and the Court has directed service of his complaint. ECF Nos. 6 and 7. At this time, Defendants Loren, Lopin and Manigo-Hedt have returned waivers of service but have not yet filed their answer to Plaintiff's complaint. ECF Nos. 8-10.

Shortly after he filed his complaint, but before Defendants returned their waivers of service, Plaintiff filed an Emergency Motion for Preliminary Injunction. ECF No. 7. Plaintiff requests a court order directing the Defendants, *inter alia,* to prescribe various pain medications and nutrients, to perform medical evaluations and procedures, remove dental fillings, and to direct the Department of Corrections to grant him a medical pardon and house him in the medical infirmary. *Id.* Plaintiff did not serve the Defendants with his motion.

ORDER - 1

In addition, under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b), but only if:

> 1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and
>
> 2) the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Plaintiff is advised that if he seeks relief from the Court, he must set forth his requests in a pleading or motion and that he must serve copies of all pleadings and motions on all Defendants or, if represented, through their counsel of record pursuant to Fed.R.Civ.P. 5(b)(1). Pursuant to Fed.R.Civ.P. 5(d), Plaintiff is also required to attach and file a certificate of service stating that he has served all Defendants with the pleading and/or motion every time he files and serves a document.

Plaintiff is also advised that unless otherwise ordered by the Court, all motions will be decided by the court without oral argument and parties are not to appear on the date the motion is noted unless directed by the court. CR 7(b)(4).

Accordingly, the Court **ORDERS:**

1) The Clerk shall **strike** Plaintiff's motion for a temporary restraining order (ECF No. 7) from the court's docket. Plaintiff may re-file his motion for temporary restraining order after Defendants have appeared in this action, by filing a notice and serving it on the Defendants or their counsel. The motion may be scheduled on the court's calendar for the third Friday after filing and service of the motion.

ORDER - 2

2) The Clerk is directed to send copies of this Order to Plaintiff.

**DATED** this  3rd  day of January, 2012.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 3