HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY HEGGEM, | No.  11-cv-5985-RBL |
| Plaintiff, | ORDER |
| v. | [Dkts. #59, 71, 72] |
| MONROE CORRECTIONAL COMPLEX et al., | |
| Defendants. | |

Plaintiff Larry Heggem, an inmate at the Monroe Correctional Complex, has filed suit accusing Defendants of being deliberately indifferent to his medical needs.  This Court adopted the magistrate judge's report and recommendation denying a preliminary injunction (Dkt. #54), and Mr. Heggem has moved for reconsideration.  (Pl.'s Mot. for Reconsideration, Dkt. #59 (entitled "Preliminary Injunction Appeal")).  In addition, Mr. Heggem has moved for recusal (Dkt. #71), has moved again for a preliminary injunction (Dkt. #72).

## MOTION FOR RECONSIDERATION

Mr. Heggem's motion is framed as an "appeal," although it is difficult to discern its intent. The Court will treat it as a motion for reconsideration.  If Mr. Heggem wishes to appeal to the Ninth Circuit, he must file with that court.

Under Local Rule 7(h):

Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has called reconsideration an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)).

Mr. Heggem has provided no grounds for reconsideration. The motion (Dkt. #59) is **DENIED**.

### MOTION TO RECUSE

Under 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). "In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute valid basis for a bias or partiality motion.").

Due to the difficulty in understanding Mr. Heggem's writing, the Court is unable to determine whether he seeks recusal of Judge Leighton, or Magistrate Judge Strombom (to whom Mr. Heggem's motion for a preliminary injunction was referred). In either case, it is clear that Mr. Heggem alleges no personal bias; he simply objects to outcomes mandated by law. The motion to recuse (Dkt. #71) is **DENIED** and **REFERRED** to Chief Judge Pechman pursuant to GR 8(c).

## MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff has simply renewed his previous motion.  The motion is therefore denied on the grounds stated in Magistrate Judge Strombom's Report and Recommendation.  (Dkt. #28).

Dated this 23rd day of July 2012.


Ronald B. Leighton
United States District Judge