|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| LARRY GENE HEGGEM,<br><br>                Plaintiff,<br><br>   v.<br><br>MONROE CORRECTIONAL<br>COMPLEX, et al.,<br><br>                Defendant. | CASE NO. C11-5985 RBL/KLS<br><br>ORDER ON MOTION FOR RECUSAL |

The Court, having received and reviewed:

1. Plaintiffs' Motion for Recusal (Dkt. No. 71)

2. Order Regarding Plaintiffs' Motion for Recusal (Dkt. No. 81)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED the motion for recusal is DENIED.

ORDER ON MOTION FOR RECUSAL- 1

The standards for recusal are set forth in Judge Leighton's order of July 23, 2012. Although a judge must recuse herself if a reasonable person would believe that she is unable to be impartial (<u>Yagman v. Republic Insurance</u>, 987 F.2d 622, 626 (9th Cir. 1993)), a litigant may not use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source (<u>United States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986)).

Judge Leighton expresses some confusion about whether Plaintiff's motion is directed at himself or Judge Strombom. Upon review of Plaintiff's pleadings, it is clear to this Court that Judge Strombom was the object of the motion.[1] This motion arises out of Judge Strombom's rulings in Plaintiff's matter. He claims that "she ignored plaintiff's request to compel defendants to comply with discovery" and "has displayed <u>undue prejudice</u> by taking defendants' words of claims <u>without evidence</u> when plaintiff has submitted major evidence that contradicts defendants' claims." Pltf Mtn, p. 1 (emphasis in original). A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of her duties. Bias is almost never established simply because the judge issued an adverse ruling, or failed to rule.

In order to overcome this presumption, Plaintiff would have to show that facts outside the record influenced Judge Strombom's decisions or that her rulings were so irrational that they must be the result of prejudice. Plaintiff does not allege any facts outside the record that improperly influenced the decisions in this matter. Plaintiff has identified no error of law or fact, much less a determination that was so outlandish as to give rise to an inference of bias.

Plaintiff may disagree with Judge Strombom's rulings but that is a basis for appeal, not disqualification. As Plaintiff has cited no extrajudicial source of bias, the Court finds that Judge

---

[1] "Therefore, I request that Judge Strombom be ordered to recuse from handling my case." Pltf Mtn, p. 2.

1  Strombom's impartiality cannot reasonably be questioned.  There being no evidence of bias or
2  prejudice, Plaintiff's request for recusal is DENIED.
3
4      The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.
5      Dated: July 30, 2012.

                                            Marsha J. Pechman
                                            Chief United States District Judge