UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY GENE HEGGEM,<br><br>                           Plaintiff,<br><br>    v.<br><br>MONROE CORRECTIONAL COMPLEX, DR. LOREN, DR. JOSEPH LOPIN, and L. MANIGO-HEDT,<br><br>                          Defendants. | No. C11-5985 RBL/KLS<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

Before the Court is Defendants' Motion for the Appointment of Counsel. ECF No. 73. Having carefully reviewed the motion and balance of the record, the Court finds that the motion should be denied.

## DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

ORDER - 1

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test.  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff asks the Court to "appoint counsel – if necessary."  He states that he is dying from late stage liver disease and that "they will not take you to the hospital until its too late!!"  ECF No. 73.  Plaintiff provides no evidence for these statements.  Moreover, the Court has denied his request for temporary injunctive relief on these same grounds.  ECF No. 54.

Plaintiff does not meet the criteria for the appointment of counsel and has not shown that he is unable to continue representing himself in this litigation.  Plaintiff has demonstrated that he is able to articulate his claims in a clear fashion understandable to this Court.  This case does not involve complex facts, or law. This case will not require the use of experts or any other in-depth analysis or argument.  Plaintiff's incarceration does not increase the complexity of his case.  "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case.  If all that was required to establish successfully the complexity of the relevant issues was a demonstration

ORDER - 2

of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331.

In addition, Plaintiff has made no showing that he is likely to succeed on the merits of his claim. Plaintiff has failed to demonstrate he meets the "exceptional circumstance" for an appointment of counsel in this case.

Accordingly, it is **ORDERED:**

(1)   Plaintiff's motion for counsel (ECF No. 73) is **DENIED.**

(2)   The Clerk shall send a copy of this Order to Plaintiff.

**DATED** this 1st  day of August, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3