UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY GENE HEGGEM,<br><br>                      Plaintiff,<br>    v.<br><br>MONROE CORRECTIONAL COMPLEX, DR. KENNETH LAUREN, DR. JOSEPH LOPIN, and MANIGO-HEDT,<br><br>                      Defendants. | No. C11-5985 RBL/KLS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS |

Before the Court is Plaintiff's motion to compel and for sanctions. ECF No. 100. Plaintiff moves to compel Defendants to respond to three interrogatories served on Defendant L. Manigo-Hedt. The motion is granted in part and denied in part.

**BACKGROUND**

On February 15, 2012, Defendant Manigo-Hedt received Plaintiff's first set of interrogatories (containing 23 numbered interrogatories). ECF No. 101-1 (Declaration of Brian J. Considine Decl.), at ¶ 4. On March 14, 2012, Defendant Manigo-Hedt responded to the first set of interrogatories. *Id*. (Considine Decl.), at ¶ 10.

On March 16, 2012, Defendants filed a motion to dismiss and a motion to stay discovery. ECF No. 31. On March 23, 2012, Defendant Manigo-Hedt received Plaintiff's Second Requests for Admission and Second Set for Interrogatories (containing 9 numbered interrogatories). ECF No. 101-1 (Considine Decl.), at ¶ 12. On April 10, 2012, counsel for Defendants returned the

ORDER - 1

discovery to Mr. Heggem because "Defendants had filed a motion to stay discovery" and informed Mr. Heggem that he could re-submit the discovery requests if the Court denied the Defendants' motion to dismiss. *Id.* (Considine Decl.), at ¶ 14.  On May 16, 2012, Defendant Manigo-Held received Plaintiff's third set of interrogatories (containing three interrogatories). *Id*. (Considine Decl.), at ¶17.  On May 17, 2012 , counsel for Defendants returned these to Plaintiff, stating that he could resubmit the interrogatories if the Court denied the Defendants' motion to stay. *Id*. (Considine Decl.), at ¶18.

On August 1, 2012, the Court denied Defendants' Motion to Stay Discovery and extended the discovery deadline to November 29, 2012. ECF No. 88.  On August 8, 2012, Defendants again received Plaintiff's third request for interrogatories directed to Defendant Manigo-Hedt, which contained three interrogatories. *Id*. at ¶ 24.  On August 15, 2012, Defendant Manigo-Hedt sent her objections, but provided no answers to the interrogatories. *Id*. (Considine Decl.), at ¶ 25.

## DISCUSSION

**A.** **Motion to Compel**

Mr. Heggem argues that Defendant Laura Manigo-Hedt should be compelled to answer the three interrogatories sent on August 8, 2012. ECF No. 100, at 1.  Defendant Manigo-Hedt argues that she never stipulated that she would answer any interrogatories beyond the twenty-five allowed by the rules and that she did not stipulate to waive any objections. ECF No. 101-1 (Considine Decl.), at ¶ 27.

Mr. Heggem must receive leave from the Court or a stipulation from the Defendants to submit more than twenty-five (25) interrogatories, including discrete subparts.  Fed. R. Civ. P. 33(a)(1).  Rule 33 expressly forbids a party from serving more than 25 interrogatories on another

ORDER - 2

party "without leave of court or written stipulation." Fed. R. Civ. P. 33(a)(1).  The parties may waive the quantity limitation in a written stipulation and the court may grant leave to serve additional interrogatories to the extent consistent with the principles of Rule 26(b)(2).  Fed. R. Civ. P.  33(a).  The limitation is based on the recognition that, although interrogatories are a valuable discovery tool, "the device can be costly and may be used as a means of harassment ...".  Advisory Committee Note, 146 F.R.D. 675, 675 (1993).  The goal of the limitation is "not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this type of discovery."  Id.

Rule 26(b)(2) governs the court's determination on whether leave will be granted to serve additional interrogatories.  The court will limit discovery if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.  Fed.R.Civ.P. 26(b)(2).

The party seeking leave must set forth a "particularized showing" to exceed the limit of twenty-five interrogatories.  *See Duncan v. Paragon Publ'g, Inc*., 204 F.R.D. 127, 128 (S.D.Ind.2001) (denying leave to serve 99 additional interrogatories that were overly broad and burdensome in light of the common law tort claims at issue); *Archer Daniels Midland Co. v. Aon Risk Servs. Inc. of Minnesota,* 187 F.R.D. 578, 586 (D.Minn.1999) (denying leave to serve additional interrogatories where defendant's request was "bereft of any showing" that specific

ORDER - 3

interrogatories were required to properly defend itself); *Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 518 (D.Minn.1992) (denying leave to serve additional interrogatories, where party did not demonstrate necessity by showing the specific content of the interrogatories); *Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486, 492 (W.D.N.C.1998) (denying leave to serve additional interrogatories where party gave no explanation of their subject matter).

Mr. Heggem served three sets of interrogatories on Defendant L. Manigo-Hedt, but has received responses to only one. His second and third sets were returned to him by Defendants who refused to provide him with answers because they had filed a motion to stay discovery. In addition, Defendants argue that the first set, containing 23 numbered interrogatories, really contains more than 25 interrogatories if one counts all of the discrete subparts. However, it is unclear which of the interrogatories are to be counted as having subparts as they are not identified by Defendants.

Mr. Heggem is entitled to answers to two more interrogatories, thus bringing the total interrogatories served on Defendant Manigo-Hedt to twenty-five. Therefore, his motion to compel is granted as to the first two interrogatories sent to Defendant Manigo-Hedt on August 8, 2012. If Mr. Heggem desires to file additional interrogatories on Defendant Manigo-Hedt or on any other party for whom he has exceeded the twenty-five interrogatory limit, he must receive leave from the Court or a stipulation from the Defendants. Fed. R. Civ. P. 33(a)(1). He must show that any such additional interrogatories are needed to properly litigate his claims. He should detail the specific content of the interrogatories and explain how the answers are likely to lead to the discovery of admissible evidence based on the allegations in his complaint.

ORDER - 4

**B.      Sanctions**

Mr. Heggem asks the Court to hold Defendants' counsel in contempt of Court "for further misconduct – scandalous". ECF No. 100. He provides no factual or legal basis for such relief. His motion for sanctions is **denied.**

Accordingly, it is **ORDERED**:

(1)    Plaintiff's motion to compel (ECF No. 100) is **GRANTED in part.** Defendant Manigo-Hedt shall answer the first two interrogatories contained in "Plaintiff's Request for Interrogatory(s)" sent on August 8, 2012 **on or before October 12, 2012. Plaintiff's motion is otherwise DENIED.**

(2)    The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this 24th day of September, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5