UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY GENE HEGGEM,<br><br>                    Plaintiff,<br><br>    v.<br><br>MONROE CORRECTIONAL COMPLEX, DR. KENNETH LAUREN, DR. JOSEPH LOPIN, and L. MANIGO-HEDT,<br><br>                    Defendants. | No. C11-5985 RBL/KLS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

Before the Court is Defendants' Motion for Protective Order. ECF No. 122. Defendants request an order prohibiting Plaintiff Larry Gene Heggem from serving any additional discovery absent leave of this Court. *Id.* Plaintiff has filed no response to the motion.

**BACKGROUND**

On November 30, 2011, Plaintiff Larry Heggem filed this pro se lawsuit against the Defendants. He alleges that he is being denied medications and medical treatment. See ECF No. 5. Plaintiff has engaged in active discovery for approximately eleven months, including requests for admissions (RFAs), requests for production of documents (RFPs), and requests for interrogatories (ROGs).

On January 31, 2012, Mr. Heggem submitted discovery to the Defendants, including Defendants Lauren, Lopin, and Manigo-Hedt. On February 27, 2012, Defendants responded to Mr. Heggem's first set of RFPs to the Defendants. ECF No. 122, Exhibit 1, Declaration of Brian

ORDER - 1

Considine, Attachment A.  On February 29, 2012, the Defendants responded to Mr. Heggem's second set of RFPs to the Defendants.  *Id.*, Exhibit 1, Attachment B.  On March 8, 2012, Defendant Manigo-Hedt responded to Mr. Heggem's first set of RFAs.  *Id.*, Exhibit 1, Attachment C.  On April 20, 2012, Defendant Manigo-Hedt responded to Plaintiff's second set of RFAs directed to her with general objections only.  *Id.,* Exhibit 1.  On July 11, 2012, Defendant Manigo-Hedt responded to Plaintiff's third Set of RFAs directed to her with general objections only.  *Id.*, Exhibit 1.

On August 1, 2012, the Court denied Defendants' Motion to Stay Discovery and extended the discovery deadline to November 29, 2012.  ECF No. 88.  On September 27, 2012, Defendant Manigo-Hedt responded to Mr. Heggem's second and third sets of RFAs. *Id.*, Exhibit 1, Attachments D, E.  On October 2, 2012, Defendant Manigo-Hedt responded to Mr. Heggem's fourth[1] set of RFAs.  *Id.*, Exhibit 1, Attachment F.

On October 11, 2012, Defendants responded to Plaintiff's fourth RFP.  *Id.,* Exhibit 1, Attachment G.  On October 16, 2012, Defendants responded to Plaintiff's fifth RFP.  *Id.,* Exhibit 1, Attachment H.

On October 22 and 23, 2012, the AGO received Plaintiff's fifth and sixth sets of RFAs and a fifth set of RFPs, all of which are directed to Defendant Manigo-Hedt.[2]  *Id.*, Exhibit 1, Attachments I, J, K.   The Defendants' objections go to the October 22 and 23 discovery requests

---

[1] Defendants have renumbered Plaintiff's Second Set of Request for Admission Apon (sic) Defendant L. Manigo-Hedt received on September 5, 2012, as Plaintiff's Fourth Set of Request for Admission Apon (sic) Defendant L. Manigo-Hedt to eliminate any confusion as Plaintiff had already sent another second set of RFAs on March 23, 2012.

[2] Plaintiff directed all previous requests for production to all Defendants but this one was directed to Defendant Manigo-Hedt.

ORDER - 2

and they request a protective order relieving Defendant Manigo-Hedt from having to provide responses.

On or about October 26, 2012, Mr. Heggem was released by the Department of Corrections to approved housing in Bellingham, Washington. *See* ECF No. 117.

## **DISCUSSION**

Pursuant to Fed. R. Civ. P. 26(b), parties may obtain discovery of any unprivileged matter which is relevant to the subject matter of the pending action. Rule 26(b)(1) defines "relevant information" as information that is "reasonably calculated to lead to the discovery of admissible evidence." However, the court may limit the frequency and extent of discovery on its own or by motion if it determines that discovery sought is unreasonably cumulative or duplicative, can be obtained from a more convenient source, or when the discovery is unduly burdensome or expensive. Fed.R.Civ.P. 26(b)(2)(C)(i). Upon motion and good cause, a court is further allowed to make any order to protect a party or person from annoyance, burden, or expense from discovery. Fed.R.Civ.P. 26(c).

Mr. Heggem has submitted twenty-six (26) interrogatories, ninety-two (92) requests for admissions, and twenty-one (21) requests for production on the Defendants. Defendants have responded to all the discovery requests. ECF No. 122, Exhibit 1 (Declaration of Brian Consedine). Plaintiff's most recent sets of discovery were received by Defendants on October 22 and 23, 2012, and include twenty-two (22) RFAs and four (4) RFPs. Defendants argue that the recent discovery requests are unreasonably duplicative, harassing, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

While interrogatories are "a valuable discovery tool," requests for admission are not intended to be used to obtain discovery, but to narrow the issues for trial. *Safeco of America v.*

ORDER - 3

*Rawstron*, 181 F.R.D. 441, 443 (C.D.Cal.1998).  See also *Asea, Inc. v. Southern Pacific Transportation Co*., 669 F.2d 1242, 1245 (9th Cir.1981) ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."); Advisory Committee Note to 1970 Amendment to Fed.R.Civ.P. 36, 48 F.R.D. 531–532 (1970) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.").

Because of the different purposes behind interrogatories and requests for admission, a limit on the number of interrogatories that may be served was imposed in 1993, but no such limit was imposed on requests for admission.  See *Rawstron*, 181 F.R.D. at 443.  Rule 33 permits no more than 25 written interrogatories, including all discrete subparts, unless otherwise stipulated or ordered by the court.

**1)      October 22, 2012 RFAs**

RFA No. 1 asked:

(1)     Isn't it true that you completely took Heggem off his methadone pain medication before his current prescription expired!

ECF No. 122, Exhibit 1, Attachment I, at p. 1.

Defendants state that RFA No. 1 was previously asked in Mr. Heggem's first, second, third, and fourth sets of RFAs.  See Exhibit 1, Attachment C, No. 1, at p. 1; Attachment D, Nos. 1, 2, at pp. 1-2; Attachment E, Nos. 6, 10, at pp. 3, 5; Attachment F, No. 5, at p. 3.  Defendants also argue that RFA No. 1 is similar to several previous RFAs regarding the discontinuation of Mr. Heggem's methadone medication.  See ECF No. 122, Exhibit 1, Attachment D, Nos. 4, 5, 6, at p. 3; Attachment E, Nos. 2, 3, 5, at pp. 2-3; Attachment F, Nos. 2, 10, 14, pp. 2.  Defendants

ORDER - 4

argue that RFA No. 1 is unnecessarily argumentative, assumes facts not in evidence regarding Defendant Manigo-Hedt's involvement in discontinuing Mr. Heggem's methadone, is meant to harass the Defendant, is confusing and not likely to lead to the discovery of admissible evidence because the request is not related to the allegations in the complaint, and is an interrogatory in disguise.

Although Mr. Heggem has previously asked questions relating to his methadone medication, he has not asked whether Defendant Manigo-Hedt discontinued that medication before the prescription expired.  This is not the same question as previously asked.  However, the question is assumes that Defendant Manigo-Hedt took the Plaintiff off his methadone.  In response to previous requests, Defendant Manigo-Hedt denied stopping Mr. Heggem's methadone.  *See,* ECF No. 122, Exhibit 1, Attachment C, No. 1, p. 1.   Defendant Manigo-Hedt does not need to respond to this Request for admission.

RFA No. 2 asked:

(2)   Isn't it true that you discontinued Heggem's opiate methadone pain medication before the issue whether he should receive opiate medication was taken to the so-called C.R.C.?

ECF No. 122, Exhibit 1, Attachment I, p. 2.

Defendants contend that RFA No. 2, supra, was previously asked in Mr. Heggem's second set of RFAs.  See ECF No. 122, Exhibit 1, Attachment D, No. 6, p. 3 (Isn't it true that you stopped or were told to stop Heggem's methadone pain medication before this issue was presented to the C.R.C.?)  This request is duplicative and Defendants' motion for protective order is **granted**.

RFA No. 3 asked:

ORDER - 5

(3) Isn't it true that the issue whether Heggem should receive opiate pain medication was not allegedly taken to the so-called C.R.C. until February of 2012!

ECF No. 122, Exhibit 1, Attachment I, p. 2.

Defendants contend that RFA No. 3 was previously explored in Mr. Heggem's second, third and fourth sets of RFAs. See ECF No. 122, Exhibit 1, Attachment D, No. 6, p. 6; Attachment E, Nos. 4, 5, 6, pp. 2-3; Attachment F, No. 5, p. 3.

This question refers to a specific time period that previous questions did not. Defendants' motion for protective order as to this request is **denied**.

RFA No. 4 asked:

(4) Isn't it true that you and all the other medical providers that work in the WA state prisons system along with medical employees that work at DOC Headquarters allegedly make up the C.R.C.?

ECF No. 122, Exhibit 1, Attachment I, No. 4, p. 2.

The Court agrees with the Defendants that this request is actually an interrogatory as it does not seek to establish certain material facts as true. The Plaintiff has reached his limit for interrogatories. Defendants' motion for protective order as to this request is **granted**.

RFA No. 5 asked:

(5) Isn't it true that when the so-called C.R.C. decide an opiate therapy presentation on an inmate that all of the medical providers from all the state prison and headquarters are suppose [sic] are to submit their opinions on the phone or by email and then the matter gets decided?

ECF No. 122, Exhibit 1, Attachment I, No. 5, p. 2.

This request is compound and it is an interrogatory as it does not seek to establish certain material facts as true. Defendants' motion for protective order as to this request is **granted**.

ORDER - 6

RFA No. 6 asked:

(6)  Isn't it true that the truth is that all the prison medical providers don't have the time to get together on the phone or computer to decide an opiate therapy matter or cat-scan matter, etc. and that really only one or maybe two medical employees from headquarters decide this depending on whether the main provider recommends it or not!

ECf No. 122, Exhibit 1, Attachment I, No. 6, p. 3.

This request is compound and it is an interrogatory as it does not seek to establish certain material facts as true. Defendants' motion for protective order as to this request is **granted**.

RFA No. 7 asked:

(7)  Isn't it true that you did not recommend opiate pain therapy for Heggem because you simply did not believe him because you failed to get his medical records in a timely manner [illegible] get additional records from the Snohomish County Jail!

ECF No. 122, Exhibit 1, Attachment I, p. 3.

Defendants contend that RFA No. 7 was previously asked in Mr. Heggem's third set of RFAs. See ECF No. 122, Exhibit 1, Attachment E, Nos. 9, 10, p. 5. Defendants also argue that RFA No. 7 is improper because it is argumentative, compound, and does not allow for an admission or denial. This question has not been asked before. However, it is compound and it is an interrogatory. Defendants' motion for protective order as to this request is **granted.**

RFA No. 8 asked:

(8)  Isn't it true that taking Heggem off of his opiate pain medication interfered with him to be able to make his bed, [illegible] up and take showers, go into the IMU prison yard, and only get two hours of sleep per day while under your care?

This request is compound and it is an interrogatory. Defendants' motion for protective order as to this request is **granted**.

ORDER - 7

RFA No. 9 asked:

(9)     Isn't it true that daily activities provided in IMU are far less optional and available then [sic] the one's available to inmates housed in general population units?

ECF No. 122, Exhibit 1, Attachment I, p. 4.

This request does not seek information related to Plaintiff's claim of deliberate indifference regarding medical care.  Defendants' motion for protective order as to this request is **granted**.

RFA No. 10 asked:

(10)    Isn't it true that because of Heggem's severe pain he was unable to adequately communicate with the unit officers or nurses for that matter and he thought everyone was out to torture him and this caused him to be housed in IMU from the time you took him off his opiate pain medication to date!

ECF No. 122, Exhibit 1, Attachment I, p. 4.

Defendants contend that RFA No. 10 was previously asked in Mr. Heggem's first, second, and fourth RFAs.  See ECF No. 122, Exhibit 1, Attachment C, No. 1, p. 1; Attachment D, No. 7, p. 4; Attachment F, Nos. 2, 4, 5, pp. 2-3.  This request is not duplicative of previous requests.  However, it is argumentative, compound, vague regarding Mr. Heggem's communication with unit officers, and asks the Defendant to speculate as to Mr. Heggem's alleged inability to communicate.  Defendants' motion for protective order as to this request is **granted**.

RFA No. 11 asked:

Isn't it true that Heggem severe pain must definitely interfered with normal activities.

ECF No. 122, Exhibit 1, Attachment I, p. 4.

ORDER - 8

This request does not allow Defendants to either admit or deny and it assumes facts not in evidence with regard to "severe pain" and what Plaintiff's "normal activities" were and/or how they were affected. Defendants' request for protective order as to this request is **granted**.

RFA No. 12 asked:

Isnt' it true no one should take Tylenol or NSAID's for a long period of time [illegible]?

ECF No. 122, Exhibit 1, Attachment I, p. 4.

This request is as interrogatory. Defendants' motion for protective order as to this request is **granted**.

**2)   October 23, 2012 RFAs**

RFA No. 1 asked:

(1)   Isn't it true that you chose not to believe Heggem when he told you, both verbally and by medical kites, that he suffered from an impingement at his C-spine and herniated disks, when he first became under your care upon arriving at W.C.C. on 8-23-11 and thereafter!

ECF No. 122, Exhibit 1, Attachment J, p. 1.

Defendants argue that RFA No. 1 was previously asked in Mr. Heggem's second, third, fourth, and fifth sets of RFAs to Defendant Manigo-Hedt. ECF No. 122, Exhibit 1, Attachment D, No. 3; Attachment E, Nos. 7, 8, 9, 10; Attachment F, No. 6; Attachment I, No. 7.

This request is duplicative of previous requests. *See, e.g., inter alia,* ECF No. 122, Exhibit 1, Attachment E, NOs. 7 ("Heggem informed you that he suffered from impingement of his spinal cord"), No. 9 ("[y]ou chose not to believe Heggem about his neck injuries"). Additionally, this request is an interrogatory. Defendants' motion for protective order as to this request is **granted**.

ORDER - 9

RFA No. 2 asked:

 (2) Isn't it true that you biased by and presumptuously assumed Heggem was on methadone for heroin replacement, and not for acute pain!

ECF No. 122, Exhibit 1, Attachment J, p. 2.

This request was previously asked. See ECF No. 122, Exhibit 1, Attachment E, No. 10 ("Isn't it true you chose to believe that Heggem was receiving methadone to treat heroin addiction.") Defendants' motion for protective order as to this request is **granted**.

RFA No. 3 asked:

 (3) Isn't it true that psychologist MacWilliams assumed Heggem was on methadone for heroin replacement and told the medical staff that he needs to be taken off of it!

RFA No. 4 asked:

 (4) Isn't it true that psychologist MacWilliams made a copy of Heggem's 17 page neuropsychological report that Heggem showed him at a psychological evaluation and initialed every page and submitted it into Heggem's DOC medical files.

RFA No. 6 asked:

 (6) Isn't it true that Mcwilliams [sic] had Heggem sign at least 4 separate medical disclosure forms at Heggem's request, and McWilliams sent these disclosures to Snohomish County Jail, Western Washington Medical Group, Cascade Valley clinic, and Western State hospital?

ECF No. 122, Exhibit 1, Attachment J, pp. 2-3.

RFA Nos. 3, 4, and 6 assume facts not in evidence regarding a Mr. MacWilliams, and calls for Defendant Manigo-Hedt to admit or deny facts about actions allegedly done by a Mr. MacWilliams without establishing if she has personal knowledge about actions taken by a Mr. MacWilliams. Defendants' motion for protective order as to these requests is **granted**.

ORDER - 10

RFA No. 5 asked:

(5) Isn't it true that you never had Heggem sign medical release disclosure forms so you could obtain medical records from Snohomish County Jail even though Heggem asked you to!

ECF No. 122, Exhibit 1, Attachment J, p. 3.

Defendants argue that this request is duplicative of a previous request contained in Mr. Heggem's third set of RFAs to Defendant Manigo-Hedt. See ECF No. 122, Exhibit 1, Attachment E, No. 8. The request is not duplicative. However, the request is compound and not subject to an admission or denial. Defendants' motion for protective order as to this request is **granted**.

RFA No. 7 asked:

(7) Isn't it true that there is no way you can prove that Heggem did not and does not suffer acute intractable pain, and all the evidence of his medical history and numerous complaints clearly indicate he does in fact suffer from acute – severe ongoing intractable pain!

ECF No. 122, Exhibit 1, Attachment J, p. 3.

This request is an interrogatory and not an appropriate request for admission of a material fact. Defendants' motion for protective order as to this request is **granted**.

RFA No. 8 asked:

(8) Isn't it true that you deliberately malpracticed [sic] Heggem's medical needs of being relieved from severe pain and panic attacks, simply because you did not want to write up the reports to address his medical needs properly because it would be too much work and you have a high amount of patients to deal with and that the State DOC's will spend the least amount of money as possible in treating inmate medical needs and that was your motive too.

ECF No. 122, Exhibit 1, Attachment J, p. 4.

ORDER - 11

This request is compound, confusing, calls for legal conclusions, and is argumentative. It also does not allow for Defendants to either admit or deny nor does it seeks to establish the truth of material facts. Defendants' motion for protective order as to this request is **granted**.

RFA No. 9 asked:

(9) Isn't it true that Heggem had claimed no medical emergencies or received infractions until after you stopped his methadone pain medication.

ECF No. 122, Exhibit 1, Attachment J, p. 4.

Defendants argue that RFA No. 9 was previously asked in Mr. Heggem's first, second, and fourth sets of RFAs to Defendant Manigo-Hedt. See ECF No. 122, Exhibit 1, Attachment C, No. 1; Attachment D, No. 7; Attachment F, No. 13.  This request is not duplicative of previous requests as this request asks about medical emergencies or infractions *before* the methadone medication was stopped. However, this request is compound and assumes a fact that is disputed by the Defendants regarding Defendant Manigo-Hedt's involvement in discontinuing Plaintiff's methadone.  In response to previous requests, Defendant Manigo-Hedt denied stopping Mr. Heggem's methadone. *See,* ECF No. 122, Exhibit 1, Attachment C, No. 1, p. 1.  Defendants' motion for protective order as to this request is **granted**.

RFA No. 10 asked:

(10) Isn't it true you deliberately violated Heggem's 14th Amendment equal protection rights by not keeping him on his prescribed opiate pain medication, and therefore, violated his 8th Amendment rights, causing him cruel and unusual punishment by way of the severe results.

ECF No. 122, Exhibit 1, Attachment J, p. 4.

This request is compound, argumentative, and calls for legal conclusions.  The request is also improper because it assumes facts not in evidence regarding Defendant Manigo-Hedt's involvement in discontinuing Plaintiff's methadone.  In response to previous resquests,

ORDER - 12

Defendant Manigo-Hedt denied stopping Mr. Heggem's methadone.  *See,* ECF No. 122, Exhibit 1, Attachment C, No. 1, p. 1.  Defendants' motion for protective order as to this request is **granted**.

### 3) October 23, 2012 RFP

In RFP Nos. 1, 2, and 3, Plaintiff asks for his medical records from WCC, his mental health records, and complete R.N. medical notes from 8-23-11 to 9-28-11.  ECF No. 122, Exhibit 1, Attachment K, p. 1.

Mr. Heggem previously requested his medical records from "7-18-2004 to date" (ECF No. 122, Exhibit 1, Attachment A, p. 1) and his "medical, dental and mental health records from 5-10-2006 to date" (ECF No. 122, Exhibit 1, Attachment B, p. 1).  Therefore, these requests are duplicative and Defendants' request for protective order as to these requests is **granted**.

In RFP No. 4, Mr. Heggem asks for any and all medical kites he submitted from 8-23-11 to 9-28-12.  ECF No. 12, Exhibit 1, Attachment K, p. 1.  Defendants argue that this request is overly broad as to "any and all" medical kites" and that the information sought is not relevant to Plaintiff's allegations.   The request is not overly broad and it is seeks information that is relevant to or may lead to the discovery of admissible evidence.  Defendants' motion for protective order as to this request is **denied**.

Accordingly, it is **ORDERED:**

(1) Defendants' motion for protective order (ECF No. 122) is **granted in part and denied in part** as set forth herein.

2) Defendant Manigo-Hedt shall provide responses to:  RFA No. 3 of the October 22, 2012 RFAs (fifth RFAs) and RFP No. 4 of the October 23, 2012 (fifth RFPs).  Defendant

ORDER - 13

Manigo-Hedt is relieved from answering the remainder of Plaintiff's fifth and sixth requests for admissions and fifth request for production.

    3)    The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this  14th  day of January, 2013.

                                            Karen L. Strombom
                                            United States Magistrate Judge

ORDER - 14