UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY GENE HEGGEM,<br><br>                  Plaintiff,<br><br>  v.<br><br>MONROE CORRECTIONAL COMPLEX, DR. LOREN, DR. JOSEPH LOPIN, L. MANIGO-HEDT, ,<br><br>                  Defendants. | No. C11-5985 RBL/KLS<br><br>**ORDER SETTING NEW BRIEFING SCHEDULE** |

      Before the Court are the motions for summary judgment of Plaintiff (ECF No. 123) and Defendants (ECF No. 127). Defendants filed a response to Plaintiff's motion (ECF No. 126) and Plaintiff filed a response to Defendants' motion (ECF No. 129).

      The Ninth Circuit Court of Appeals requires pro se prisoner-plaintiffs to be given "notice of what is required of them in order to oppose" summary judgment motions *at the time of filing* of the motions. *Woods v. Carey*, 684 F.3d 934, 935, 940–41 (9th Cir. 2012) (emphasis added). The notice requirement set forth in *Woods* applies to all pending and future cases. *Id.* at 941. Defendant did not serve Plaintiff with notice consistent with *Woods* and in accordance with the holding of *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998). ECF No. 75.

      Although Plaintiff was provided with a *Woods* notice in the Court's Pretrial Scheduling Notice (ECF No. 12), filed his own summary judgment motion, and responded to Defendants' summary judgment motion, the Ninth Circuit has mandated that notice must be given *at the time of filing* the summary judgment motion. Out of an abundance of caution, therefore, the Court

ORDER - 1

finds that a new briefing schedule to allow for supplemental briefing in accordance with *Rand* is appropriate. The parties may, *but are not required to*, file supplemental briefs.

Further, **PLAINTIFF IS ADVISED that** a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added); *see Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003) (extending the fair notice requirement to motions to dismiss for failure to exhaust administrative remedies).

Accordingly, it is **ORDERED:**

(1) Plaintiff may file a supplemental brief in opposition to Defendants' motion for summary judgment (ECF No. 127) **no later than April 15, 2013,** and Defendants may file a supplemental reply **no later than April 19, 2013.**

(2) The Clerk is directed to **strike** the present noting dates of Defendant's motion for summary judgment and **re-note** the motion (ECF No. 127) for **April 19, 2013.** The Clerk shall also **strike** the noting date of Plaintiff's motion for summary judgment and **re-note** the motion (ECF No. 123) for **April 19, 2013,** however, no additional briefing is required on this motion.

ORDER - 2

(3)     The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  26th  day of March, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3